HABERBUSH, LLP
Vanessa M. Haberbush, Esq., SBN 287044
Lane K. Bogard, Esq., SBN 306972
Alexander H. Haberbush, Esq., SBN 330368
444 West Ocean Blvd., Suite 1400
Long Beach, California 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
Email: ahaberbush@lbinsolvency.com

ATTORNEYS FOR PLAINTIFF
EMILY WOLFE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY WOLFE, and individual,<br><br>Plaintiff,<br><br>v.<br><br>DEAN C. LOGAN, Recorder-Registrar/County Clerk for Los Angeles County; HILDA L. SOLIS, HOLLY J. MITCHELL, SHEILA KUEHL, JANICE HAHN, and KATHRYN BARGER THE. members of the Board of Supervisors for the County of Los Angeles; and SHIRLEY WEBER, the California Secretary of State,<br><br>Defendants, | CASE NO. 2:22-cv-06463 JLS (PDx)<br><br>Assigned to Dis. Ct.<br>Judge Josephine L. Staton<br><br>**REPLY TO DEFENDANT CALIFORNIA SECRETARY OF STATE'S OPPOSITION TO PLAINTIFF EMILY WOLFE'S EMERGENCY MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>[*Request for Judicial Notice in Support of the Reply is filed separately and concurrently herewith*]<br><br>[*Revised Proposed Order attached as Exhibit A*]<br><br>**Hearing Date**<br>Date: January 6, 2023<br>Time: 10:30 a.m.<br>Courtroom: 8A<br>First Street U.S. Courthouse<br>350 West 1st St.<br>Los Angeles, CA 90012<br>Judge: Josephine L. Staton |

**TO THE COURT, ALL DEFENDANTS, AND ALL INTERESTED PARTIES:**

Emily Wolfe, plaintiff and movant herein ("Plaintiff" and/or "Wolfe"), hereby replies to the Defendant California Secretary of State's Opposition to Plaintiff Emily

1

F:\H.A\clients\ACTIVE\Wolfe - 1542\Pleadings\Motion for Preliminary Injunction\REPLY SECRETARY'S OPP MTN TRO.asb2.vmh.wpd    THIS DOCUMENT PREPARED ON RECYCLED PAPER

Wolfe's Motion for Preliminary Injunction [docket number 35] (the "Opposition").[1] Because Defendant California Secretary of State ("Secretary") has failed to show why the relief should not be granted as to Secretary, this Court should grant the Motion.

## I. FACTUAL BACKGROUND

There appears to be no dispute as to the underlying facts underlying the relief sought in the Motion. Therefore, the Motion should be decided based on the legal standards for a preliminary injunction.

## II. LEGAL ARGUMENT

### A. Standard for a Preliminary Injunction

Secretary does not dispute that the preliminary injunction standard involves an inquiry of four prongs discussed in the Motion. *See* Opposition at page 2, lines 12-28. Secretary only asserts that, in relation to the second prong, a plaintiff must show that she/he is likely to suffer substantial and immediate irreparable harm. *See* Opposition at page 2, lines 12-28. While the case cited by Secretary, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), did not overrule the cases in the Motion, *Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291 (9th Cir. 2003) and/or *Save Our Sonoran, Inc. v. Flowers*, 381 F.3d 905, 912 (9th Cir. 2004), Plaintiff agrees that when analyzing the second prong, the Court must determine whether the moving party is likely to suffer irreparable injury if the injunction is not granted, which is precisely what Wolfe has argued in the Motion. As discussed below and in the Motion, Plaintiff has demonstrated that irreparable injury is likely if the Motion is not granted due to the violation of her Constitutional and other rights.

///

///

---

[1] Unless otherwise defined, all terms used herein shall have the meanings as those set forth in Plaintiff's Motion for Preliminary Injunction [docket number 25] and supporting Memorandum of Points and Authorities [docket number 27].

F:\H.A\clients\ACTIVE\Wolfe - 1542\Pleadings\Motion for Preliminary Injunction\REPLY SECRETARY'S OPP MTN TRO usb2.vmh.wpd   THIS DOCUMENT PREPARED ON RECYCLED PAPER

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

### B. The Motion Does not Seek to Remedy Past Harm but Future Harm.

While Secretary asserts that the Motion only seeks to remedy past wrongs, this misunderstands both the relief sought and why Wolfe is seeking relief in this manner. Secretary indicates that the only harm was related to the elections occurring in 2022. Opposition at page 3, lines 7-13. However, it is evident from the Motion that Wolfe is seeking to prevent the same wrongs from occurring *in the future* (not seeking relief for the past wrongs). Memorandum of Points and Authorities in support of the Motion at page 3, lines 2-4. While the past wrongs are central, this is only because these past wrongs show what Wolfe reasonably expects to be future wrongs. *See id.* at page 1, line 12 to page 3, line 1. As Secretary recognizes, however, if there is no live controversy, a plaintiff is still entitled to relief if the plaintiff can show that there is a threat that she/he will be wronged in a similar way again. Opposition at page 3, line 17-23. This is precisely what is occurring here.

The United States Supreme Court expressly allows a court to review a controversy that is "'capable of repetition, yet evading review.'" *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). This exception applies "where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Id.* (quoting *Spencer*, 523 U.S. at 17).

"For a controversy to be 'too short to be fully litigated prior to cessation or expiration,' it must be of 'inherently limited duration.'" *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (quoting *Doe v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012) ). That is, the controversy "will only ever present a live action until a particular date, after which the alleged injury will either cease or no longer be redressible." *Id.* The "limited duration of [the] controvers[y] [must be] clear at the action's inception." *Id.*

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\H.A\clients\ACTIVE\Wolfe - 1542\Pleadings\Motion for Preliminary Injunction\REPLY SECRETARY'S OPP MTN TRO sb2.vmh.wpd   THIS DOCUMENT PREPARED ON RECYCLED PAPER

*Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018). This exception is often applicable to cases involving controversies with elections. *See*, *e.g.*, *Porter v. Jones*, 319 F.3d 483, 490 (9th Cir. 2003) ("Election cases often fall within this exception, because the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits.")

Here, it is evident that Wolfe's injury is precisely the type of injury to which the *Kingdomware Techs., Inc.* exception applies. Because it is evident that COVID-19 is present and the type of Mandate present in the past elections can and likely will be imposed for future elections, it is precisely the type of harm that will otherwise evade review. In fact, this has already occurred: while the mandate was originally in effect for the June 2022 primary, Wolfe did not file suit until she learned that the same requirement would be imposed *again* in November, 2022. Whether the Mandate would be present for the November 2022 election was not even known by Wolfe until September 2022. Declaration of Wolfe, attached to the Memorandum of Points and Authorities in support of the Motion at page 28, lines 16-19.  Morever, because elections are, by their nature, of brief duration, whether the Mandate will be in effect for any particular election is an extremely brief period and this is inherent from the moment the Mandate (or something similar) is in effect for any given election. Consequently, it is clear that the constitutionality of the Mandate as to elections is of too short of a duration for each election to be fully litigated prior to cessation or expiration. Further, because no party has made any representation that the Mandate will no longer be in effect for future elections, let alone under any requirement not to impose such a Mandate, or some version of the Mandate, in the future. This is precisely the type of harm that is contemplated. Further, there is a reasonable expectation that Wolfe will be subject to this same action again in the future. As indicated in Wolfe's Declaration, Wolfe desires to be a poll worker in the future and objects, based on her various rights, to obtaining the Vaccine. Declaration of Wolfe, attached to the Memorandum of Points and Authorities in support of the Motion at page 26, line 9 to page 30, line 5.  There is no dispute that COVID-19 still exists and,

as shown daily, different or additional requirements are in effect related to COVID-19. Elections are no different. Therefore, it is extremely likely that Wolfe will be similarly harmed in the future by this same, or a similar action. Consequently, Wolfe can show that there is a reasonable expectation that she will be subject to this action again. Because Wolfe can meet both prongs of the *Kingdomware Techs., Inc.* test, Wolfe's harm is not a past harm but one that is a prospective future harm of the type that the law specifically allows relief at this stage. For these reasons, this Court should grant the Motion.

### C. Wolfe Can Demonstrate Immediate Theat of Irreparable Injury.

Because of the nature of the Mandate and elections, Wolfe can and has shown that she is likely to suffer an immediate threat of irreparable injury. Secretary argues that there is no immediate threat of harm because "[t]here is no statewide primary or general election in 2023." Opposition at page 4, line 10. However, this ignores both the elections in Los Angeles County and also Secretary's duties in relation to the elections in Los Angeles County.

As shown by the Los Angeles County Registrar-Recorder/County-Clerk's website,[2] there are several elections in 2023, as shown by the 2023 election schedule,[3] which is attached to the separately-filed Request for Judicial Notice in Support of the Reply at Exhibit "A." The first of these is on January 31, 2023, with elections occurring thereafter in March, April, June and November. This shows that there is an immediate threat of irreparable injury and it should not be delayed review.

Further, as demonstrated by the Los Angeles County Registrar-Recorder/County-Clerk's website, the Mandate is *still* in effect, such that the Mandate continues to impact Wolfe's ability to serve in any of the elections currently scheduled.

---

[2] This website is located at:
https://www.lavote.gov/home/voting-elections/current-elections/upcoming-elections.

[3] This can be found at :
https://www.lavote.gov/docs/rrcc/Election-Info/scheduled_elections_2023.pdf?v=13.

1 This is abundantly clear given that the Court's calendar is often full and takes
2 many months before matters can be heard. Because the Mandate appears to still be in
3 effect for the elections that are upcoming for January, and presumably March and April,
4 there is simply not be enough time to obtain the relief Wolfe needs by that election so that
5 Wolfe will be irreparably harmed unless a preliminary injunction is issued now. This
6 election schedule shows precisely why elections present a risk of harm of the type that
7 makes this relief is necessary at this time. Waiting for the next election simply means that
8 there can and will be no correction to unlawful conduct.

9 This is precisely the type of irreparable injury that needs preliminary relief such
10 that this Court should grant the Motion.

**D. Secretary, as the Officer Responsible to Oversee Elections, Is Responsible for Any Violation of Applicable Law as to Elections.**

While Secretary asserts that the Secretary has not engaged in any action that resulted in Wolfe's harm, Secretary oversees elections. Pursuant to California Government Code § 12172.5:

> (a) The Secretary of State is the chief elections officer of the state, and shall administer the provisions of the Elections Code. The Secretary of State shall see that elections are efficiently conducted and that state election laws are enforced. The Secretary of State may require elections officers to make reports concerning elections in their jurisdictions, which may include information about the identity of, and contact information for, the elections official who is responsible for conducting elections in the jurisdiction.
>
> (b) If, at any time, the Secretary of State concludes that state election laws are not being enforced, the Secretary of State shall call the violation to the attention of the district attorney of the county or to the Attorney General. In these instances, the Secretary of State may assist the county elections officer in discharging the officer's duties.

Cal. Gov't Code § 12172.5.

1        As indicated in the Motion, it is evident that, at minimum, Defendants Dean Logan, the Recorder-Registrar/County Clerk for Los Angeles County, Hilda L. Solis, Holly J. Mitchell, Sheila Kuehl, Janice Hahn, and Kathryn Barger, the Board of Supervisors for the County of Los Angeles (the "County Defendants"), have imposed county ordinance that violates Wolfe's Constitutional rights. This is precisely the type of conduct that Secretary is supposed to ensure does not occur. If Secretary agrees that this conduct is not lawful, which may be the case since there appears to be no statewide COVID-19 Vaccine requirement, by allowing the County Defendants to continue in the enforcement of the Mandate as to future elections is unlawful and specifically within Secretary's duties to remedy.

        Further, to the extent that the proposed order for the Motion does not specifically indicate that Secretary should be directed to call the violation to the attention of the district attorney of Los Angeles County or to the Attorney General, Wolfe requests that the Court enter the proposed order with a provision that specifies that the relief sought is as to the County Defendants and that Secretary is only ordered to notify the district attorney of Los Angeles County or the Attorney General of the violation of applicable election law through the enforcement of the Mandate and to do so no later than 10 days after entry of the order of the violation of election law. Therefore, to ensure that the proposed order is consistent with this, Wolfe proposes a new order on the Motion, which is attached to this Reply, as Exhibit "A." Wolfe does not lodge this order with the Motion but will do so if the revised order is the order the Court wishes to lodge instead. The only changes are those indicated in this paragraph.

///
///
///

## III. CONCLUSION

For the foregoing reasons, Wolfe respectfully requests that the Court grant the Motion as to Secretary and for any other such relief as is just and proper.

                                          Respectfully submitted,
                                          HABERBUSH, LLP

Dated: December 22, 2022        By: /s/ Alexander H. Haberbush
                                              ALEXANDER H. HABERBUSH, ESQ.,
                                              Attorneys for Plaintiff

F:\H.A\clients\ACTIVE\Wolfe - 1542\Pleadings\Motion for Preliminary Injunction\REPLY SECRETARY'S OPP MTN TRO.sb2.vmh.wpd     THIS DOCUMENT PREPARED ON RECYCLED PAPER

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

## CERTIFICATE OF SERVICE

I hereby certify that on **December 23, 2022**, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court Central District of California by using the CM/ECF system.

I further certify that parties of record in this action who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that some of the parties of record to this action have not consented to electronic service. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following parties:


**December 23, 2022    Alexander S. Bostic**        /s/ Alexander S. Bostic
*Date                   Printed Name*               *Signature*